The opinion of the Court was delivered by
Whitneb, J.
The appellants ask for a new trial, because *660 as they allege in tbeir first ground, “ The plaintiffs at the time these suits were instituted, had no cause of action on the note.” Passing by the proof in the case for the present, it is submitted, whether upon the premises assumed in this ground, the conclusion is authorized. When a creditor receives from his debtor the promissory note of a third person as a collateral security, is it true as a legal proposition, that an action may not be maintained on the collateral, unless a positive loss be shown, or until the remedy against the original debtor is exhausted? This is by no means conceded. In this ground it is said “ there was no evidence that the plaintiffs had sustained any loss of the debt due,” whereas the force of the objection would have been acknowledged, if it had been alleged there was ■evidence of the payment of the debt once due by the original debtor. However this phase of the case need not be pressed.
The argument on the part of the appellants, proceeds upon the assumption that the note and indorsement were without consideration. The reply is brief and direct. It was not necessary for the plaintiffs to allege or prove a consideration. This the law presumes, and for the protection of such negotiable paper, the. burden of proof rests with the defendants. In the case before us, we have proof of the circumstances leading to the transfer by the second indorser to the plaintiffs, but the evidence is wholly silent as to the paper in its original inception. On the trial of the second case the drawer was offered in behalf of the first indorser, who was then conceded to have indorsed the paper for the accommodation of the drawer, but this it must be seen in no way affects the question of consideration as to the note itself, or suggests any matter of benefit even to this indorser. Though he stand as a mere surety to the drawer, the legal presumption as readily attaches to him in this suit. He has held himself out in such way, that those taking the paper in a regular course of business are equally protected as though the value had been *661 advanced to him personally and at bis own request. Stor. Pro. Notes, 194. But tbe evidence in fact corroborates tbe presumption. Chambers, Jeffers & Go., were indebted to the plaintiffs. “Additional security was required,” and “the note referred to in this action was lodged with other col-laterals.” It has passed to the plaintiffs as a further security for a pre-existing debt. Because the plaintiffs have neither advanced the cash, nor passed the amount to the credit, of Chambers, Jeffers & Co., before it is received, the startling proposition is submitted that the action cannot be maintained and the original parties are discharged from their contract.
It is to be remarked this is not even the case of a drawer attempting to set up his original equities, as against a subsequent indorsee with notice, or because transferred without value, wherein the Courts have been somewhat troubled, nor is the objection interposed by the last indorser.
But I have said the evidence shows a consideration. “ Every person is in the sense of the rule treated as- 'a bona ficle holder for value not only when he has advanced money, or other value for it, but when he has received it in payment of a precedent debt, or when he had a lien on it, or has ialcen it as collateral security for a precedent debtt or for future as well as past advances.” Stor. on Prom. Notes, sec. 195, and a copious note collect authorities on these heads. The reason is manifest. The creditor is thereby enabled to realize or to secure his debt, and thus may safely give a prolonged credit or forbear from taking any legal steps to enforce his rights, whilst the debtor has also the advantage of making his negotiable securities of equal value to cash. Such -is the doctrine gathered from the source indicated, and such was the consideration moving to this transfer. The evidence discloses that from that day to this no steps have been taken towards legal coercion. In the effort to shift the onus the further proof was elicited that a heavy indebtedness yet exists, and *662 .that plaintiffs “willlose” or “have good reason to apprehend loss, even if they recover in the above cases.” . :•
On the second ground, the .ease.of Cheer vs. Kleckly, 1 Bail. 479, is directly in point.- The maker of a'note is not a competent witness ■ for the indorser, in an action; by the holder, when the note was indorsed - for the accommodation of the maker. He has a direct interest in the event to the extent of the costs. . This is distinguishable from the case of Steele vs. Sawyer, 2 McC. 459. The distinction is pointed out though not directly ruled in the case of Cleveland vs. Covington, 3 Strob. 184.
The motion for a new trial in each case is dismissed.
O’Neall, Wardlaw, Withers, Glover and Mcnro, JJ., concurred.

Motion dismissed.